Filed 4/4/22  P. v. Williams CA5
Opinion following rehearing

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>PAMELA LYN WILLIAMS,<br><br>Defendant and Appellant. | F079846<br><br>(Stanislaus Super. Ct. No. 1458764)<br><br>**OPINION** |

-ooOoo-

APPEAL from an order of the Superior Court of Stanislaus County.  Linda A. McFadden, Judge.

Allan E. Junker, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta and Xavier Becerra, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Lewis A. Martinez, Louis M. Vasquez and Jennifer Oleska, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

## INTRODUCTION

Appellant and defendant Pamela Lyn Williams was convicted of robbery in 2014 and sentenced to a second strike term of 12 years in prison, which included a five-year term for a prior serious felony conviction enhancement (Pen. Code, §667, subd. (a)).[1]

In 2019, while defendant was serving her prison term, the Secretary of the California Department of Corrections and Rehabilitation (CDCR) sent a letter to the Superior Court of Stanislaus County pursuant to the provisions of then-section 1170, subdivision (d), and recommended recall and resentencing in defendant's case because the court now had discretion to dismiss the prior serious felony enhancement based on legislation enacted after her sentencing hearing. The court declined to recall her sentence.

On appeal, defendant argued the court abused its discretion because it improperly focused on her criminal history and failed to consider evidence of her good behavior in prison. We found the court did not abuse its discretion and affirmed. Thereafter, we granted defendant's petition for rehearing because of the enactment of section 1170.03, which altered the court's procedures and consideration of a recommendation to recall and resentence. We are thus required to vacate the court's order and remand the matter for further appropriate proceedings pursuant to the new provisions of section 1170.03.

## FACTS[2]

On April 22, 2013, at about 6:00 p.m., the victim and his friend entered a gas station store in Modesto. As they did, they noticed defendant sitting in the driver's seat of a car with three men standing around her open window. In the store, the victim bought

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated.

[2] On December 3, 2019, defendant filed a motion for this court to take judicial notice of the nonpublished opinion in her first appeal, *People v. Williams* (May 12, 2016, F069913) because the trial court relied on this court's opinion when it declined to recall and resentence her. On January 3, 2020, this court granted defendant's motion to take judicial notice of this court's nonpublished opinion in her first appeal. The facts and some of the procedural history are from this court's opinion.

two cans of beer, and then he and his friend left and walked past defendant's car. Defendant asked the victim what was going on and where the weed was. The victim said he was really busy and had to go.

The victim kept walking. Defendant raised her voice and repeatedly asked the victim why he was being so rude. The victim answered he was not being rude and was just in a hurry.

As the victim and his friend continued walking, defendant started the car and pulled directly in front of the victim. When he turned to walk the other direction, she backed up the car to stop him. Defendant then got out of the car and asked him why he was being so rude and what he had with him. She was aggressive and seemed irritated. She came five or six inches from his face and said, " ' "Give me what you got, I want to know what you got." ' " She started grabbing him, patting him down, and reaching into his pockets.

The victim feared for his safety. While cursing and screaming at him, defendant snatched his wallet out of his hand, took his keys out of his jacket pocket, and grabbed the grocery bag containing the two beers he had just bought. She got back in the car and drove back toward the gas station.

At some point, she entered the gas station store and disposed of the victim's wallet behind a candy display. The wallet was recovered. When officers searched defendant's car, they found the victim's keys and two beers. (*People v. Williams*, *supra*, F069913, at pp. 2–3.)

## <u>CONVICTIONS AND SENTENCE</u>

On January 30, 2014, after a jury trial, defendant was convicted of second degree robbery (§ 211). The court found true that defendant had one prior strike conviction for robbery in 2001, one serious felony conviction enhancement, also based on the robbery conviction (§ 667, subd. (a)(1)), one prior prison term enhancement (§ 667.5, subd. (b)), and one on-bail enhancement (§ 12022.1).

**Defendant's Request to Dismiss the Prior Strike Conviction**

Defendant requested the court dismiss her prior strike conviction for robbery from 2001, when she was placed on probation for three years. Defendant argued the 2001 strike was remote in time, her other convictions were for theft and drug offenses that were not serious or violent, and the current robbery offense did not include any violence, threats, or weapons. (*People v. Williams*, *supra*, F069913, at p. 5.)

The People filed opposition that included details of defendant's prior strike conviction for robbery in 2001: " 'Defendant and two other subjects forcibly entered the victim's residence by kicking open the front door to the residence. Once inside the residence Defendant had her hand in her jacket pocket mimicking holding a gun and told the victim, "I'm gonna kill you bitch if you don't give me your shit." As the other two subjects proceeded to go through the victim's residence and collect items to steal, Defendant pinned the victim down and punched the victim in the face several times. The officer noticed the victim had several bumps and bruises around the areas where the victim said Defendant punched her.' " (*People v. Williams*, *supra*, F069913, at p. 6.)

Defendant's criminal history after the 2001 strike conviction consisted of a misdemeanor conviction for assault (§ 240) in 2002; sentenced to four years for first degree burglary (§ 459) in 2003; a misdemeanor conviction for driving under the influence (Veh. Code, § 23152) in 2007; sentenced to two years for another burglary conviction plus felony petty theft with a prior conviction in 2007; and sentenced to 16 months for felony possession of stolen property (§ 496) in 2010. At the time of her sentencing hearing, she also had pending cases for felony petty theft with a prior offense, committed in 2012 and 2013; felony possession of a controlled substance (Health & Saf. Code, § 11377), committed in 2013; and felony possession of a controlled substance in prison (§ 4573.6), committed in 2013. (*People v. Williams*, *supra*, F069913, at p. 5.)

The People argued that defendant had a long and continuous criminal record dating back to the 2001 strike conviction; she was convicted of four additional felonies

4.

with prison sentences after the strike offense; she was also convicted of two misdemeanors, including driving under the influence and assault; and she had four currently pending felony cases, some of which occurred since she committed the current robbery conviction. Defendant had been in and out of prison, led a continuous life of crime, and her continued criminal conduct showed she was unwilling or unable to refrain from illegal conduct for any significant time.[3] As for the current offense, the People argued defendant's conduct involved violence because she forcibly snatched the victim's wallet, keys, and groceries from the victim's hands and pocket. (*People v. Williams*, *supra*, F069913, at pp. 5–6.)

**Sentencing Hearing**

On July 14, 2014, the court denied defendant's motion to dismiss the prior strike conviction.

> " 'All right. Well, the Court had considered the motion by [defense counsel], and, you know, the Court did hear the evidence in this case.
>
> " … When [the] Court considers a motion to strike a strike, I think looking at the facts of the case are important. But also looking at the defendant's prior criminal history and what the strike is for is very important.
>
> " 'This case is a robbery case, the fact that we – the facts that we tried here. Well, you know, the Court has certainly seen more serious robbery cases where people have used more force, more violence and in this case, though, the charge is still robbery, and [defendant] was found guilty of the robbery charge. The strike offense that was proven here and the strike offense that we have before us is from 2001. So it is – it is older. It's some 13 years older. It is a robbery. I mean, so it's – while defendant did receive probation in that case, it's still a very similar type offense.
>
> " 'Also, in looking at the defendant's criminal history, you can say that, well, gee, it's a real old offense, but if a person's been in and out of trouble or been in custody most of the time, a good portion of that time, it's

---

[3] Defendant did not object to or challenge the accuracy of the People's factual description of her criminal history or of her 2001 robbery, either in the trial court or on appeal. (*People v. Williams*, *supra*, F069913, at p. 6, fn. 4.)

not really that old of an offense.  I mean, if someone commits an offense and is always in custody, then it doesn't really add much to say it's an old offense.  I mean, you haven't been able to reoffend really, then.

" 'As indicated by the People, [defendant] does have quite a history here of continuing law violations and continued illegal conduct.  And so much of this conduct includes theft offenses.

" 'So while, [defense counsel], your Motion to Strike is very well-written and you argued as best you can for your client, unfortunately, you can't change her criminal history, and you can't change that – those facts.  I think it would be improper for this Court to strike the strike given [defendant's] criminal history here.  And the People do point that out that, you know, [it would] almost be an abuse of discretion for the Court to do [that], because that's not the purpose of the Court's discretion in this Three-Strikes Law.  The voters of this State wanted people to have more accountability when they have prior serious felonies in their record.  And they give the Court the opportunity to strike those priors, but the Court has to use its discretion wisely, and I – I don't think that it would be [in the] interest of justice to strike the strike here given the continued criminal activity on the part of [defendant], and those are just the convictions here.  Court's not even considering the fact that she has several other cases pending.' " (*People v. Williams*, *supra*, F069913, at pp. 6–7.)

The court sentenced defendant to an aggregate term of 14 years, based on the midterm of three years for robbery, doubled to six years as the second strike sentence, plus consecutive terms of five years for the prior serious felony enhancement, one year for one prior prison term enhancement, and two years for the on-bail enhancement. (*People v. Williams*, *supra*, F069913, at p. 2.)

**First Appeal**

On May 12, 2016, this court affirmed the judgment.  Defendant had argued the court abused its discretion when it denied her request to dismiss the 2001 prior strike conviction for robbery because it was remote in time, her subsequent offenses were theft and drug crimes, and she had "aged and matured considerably since the prior strike conviction, such that she is now significantly less likely to reoffend than in 2001.  She claims the current offense did not involve assaultive contact or injury but was caused by

6.

the victim's rebuke of her attempt to befriend him. She suggests that, although she was found competent to stand trial, 'the recurrent air of doubt over her competency to stand trial evidences a history of mental illness which likely fueled her drug use and actions in this case.' " (*People v. Williams*, *supra*, F069913, at pp. 7–8.)

This court held the trial court did not abuse its discretion when it declined to dismiss the prior strike conviction:

> "Indeed, defendant's arguments find no support in the record, but rely instead on her fictional version of the record. Contrary to her claim, she obviously has not matured enough since her 2001 conviction to prevent her from reoffending because she has in fact reoffended many times since then. Furthermore, the evidence did not support her version of the current offense – her benevolent overture of friendship, followed by a cruel rebuff in response, which caused her to become confrontational, but not assaultive or violent. According to the evidence, she aggressively pursued the victim, blocked his path with her car, physically assaulted him, and forcibly stripped him of his valuables. And finally, the record does not support defendant's claim of any current or historical mental illness. She was psychologically examined twice during this case, found mentally competent, and determined not to be mentally ill or have a history of mental illness…." (*People v. Williams*, *supra*, F069913, at pp. 8–9.)

"In sum, defendant's criminal record demonstrates she has no intention of reforming and continues to pose a serious danger to the community. We cannot say she falls outside the spirit of the Three Strikes law. The trial court did not abuse its discretion in refusing to dismiss the prior strike conviction." (*People v. Williams*, *supra*, F069913, at p. 9.)

**Resentencing**

On October 12, 2016, the trial court held a resentencing hearing because the offense underlying defendant's on-bail enhancement had been reduced to a misdemeanor. The court again imposed the midterm of three years for robbery, doubled to six years as the second strike term, plus five years for the prior serious felony enhancement and one year for the prior prison term enhancement, for an aggregate term of 12 years.

7.

## RECOMMENDATION FOR RECALL AND RESENTENCING

On June 13, 2019, the Secretary of the CDCR (Secretary) sent a letter to the Stanislaus County Superior Court to provide "the court with authority" to resentence defendant pursuant to the provisions of then-section 1170, subdivision (d). At that time, section 1170, subdivision (d) provided "upon recommendation" of the Secretary, "the court may recall a previously ordered sentence and commitment, and resentence the defendant in the same manner as if she had not previously been sentenced, provided the new sentence is no greater than the initial sentence."

The Secretary's letter stated that defendant was sentenced to prison in 2016 after her conviction for violating section 211, and her sentence was enhanced pursuant to section 667, subdivision (a)(1) with a consecutive five-year term for a prior serious felony conviction.

> "Courts were previously barred from striking prior serious felony convictions for purposes of enhancement under this section. However, effective September 30, 2018, courts are now authorized to exercise their discretion to strike prior serious felony convictions for purposes of enhancement under this section, or to strike the punishment for the enhancement under this section, pursuant to section 1385.

> "Having reviewed the attached documentation it appears that [defendant's] sentence warrants the attention of the court. Pursuant to section 1170, subdivision (d), as the Secretary, I recommend the inmate's sentence be recalled and that she be resentenced in accordance with the cited authority."[4]

The Secretary's letter was accompanied by a preprinted CDCR form entitled "Frequently Asked Questions" about referrals for recall and resentencing; it was a general document and not specific to defendant. It stated that based on *In re Estrada* (1965)

---

[4] Effective January 1, 2019, Senate Bill No. 1393 amended section 667, subdivision (a) and section 1385, subdivision (b) to allow a court to exercise its discretion to strike or dismiss a prior serious felony conviction for sentencing purposes. (*People v. Zamora* (2019) 35 Cal.App.5th 200, 208; *People v. Garcia* (2018) 28 Cal.App.5th 961, 971–973.)

63 Cal.2d 740, legislative changes that decrease criminal penalties are applied retroactively "to those cases not yet final on appeal. [Citation.] When a court accepts jurisdiction over an inmate's sentence pursuant to [a former section] 1170[, subdivision] (d) resentencing recommendation, that case is again in the sentencing phase. Because the case is no longer final on appeal, it is therefore subject to all subsequently enacted retroactively changes in law."

The form further stated: "Aside from the statutory prohibition on sentencing an inmate to a longer term than that of the initial sentence, a court may resentence an inmate in any way that they could legally do if they were sentencing the inmate for the first time, including staying the punishment for a count or enhancement, or striking a count or enhancement in its entirety."

**Defendant's Postconviction Records**

The Secretary's letter was also supported by the following documents about defendant's postconviction conduct in state prison.

The "Rehabilitative Achievement Credit" document showed her attendance in "approved, positive self-help programs" in prison. In 2017, she attended the "Celebrate Recovery" program for 13.5 hours; two separate "Veterans Support Groups" for a total of five hours; and Narcotics Anonymous for a total of 20.75 hours.

There was a separate document for defendant's "Inmate Assignment History," that had "a detailed list of participation in work assignments and Milestone Completion Credit (MCC). "Assignments may include up to a full day of work, education, other programs, or a combination of any of the above."

Defendant's inmate assignment history listed her attendance at the following programs in 2017, initially at the Central California Women's Facility and then at Folsom State Prison: veterans support groups, college classes through Merced College, a porter assignment, vocational cosmetology, clothing room clerk, yard worker, and offender mentor for substance abuse. In 2018, she attended correspondence college, reentry

preparation programs, anger management courses, and completed a five-month substance abuse program.

Finally, there was a CDCR document that stated defendant had no rule violations reports or disciplinary records since she was incarcerated.

**The Court's Decision Not to Recall and Resentence**

On June 26, 2019, the trial court issued an order that summarily denied to act upon the Secretary's recommendation for recall and resentencing: "This Court received a letter from the Department of Corrections regarding resentencing authority. This Court declines to exercise its authority to strike any priors or punishment as such would not be in the Interest of Justice in this case."

On July 15, 2019, defendant requested the court reconsider the denial of the recommendation, and the matter was placed on calendar.

On August 14, 2019, the court held a hearing on CDCR's letter; defendant was not present. The court invited argument, but the parties declined and submitted the matter. The court again declined to recall defendant's sentence as to the prior serious felony conviction enhancement.

> "I went to the Fifth District Court of Appeals opinion here where she made the request to strike the (d) prior, the serious felony prior. [¶] And it said: [¶] 'Defendant's criminal record demonstrates she has no intention of reforming and continues to pose a serious danger to the community. We cannot say she falls outside the spirit of the Three Strikes Law; so the trial court did not abuse its discretion in refusing to dismiss the strike prior.' [¶] So in light of that and in light of my knowledge of the case and the facts, her request is again denied. [¶] 5th DCA didn't have any problem."

On August 23, 2019, defendant filed a notice of appeal of the court's denial of the Secretary's recommendation to recall and resentence her on the prior serious felony conviction enhancement.

10.

**Second Appeal**

On December 21, 2021, this court filed the opinion that affirmed the trial court's denial of the Secretary's recommendation to recall and resentence on the prior serious felony conviction enhancement. Defendant had argued the trial court abused its discretion because it only considered her criminal record, it failed to consider her postconviction behavior in prison, and it should have considered "facts that arose after she was committed to serve the original sentence."

We held the court did not abuse its discretion by considering the facts of the underlying robbery and defendant's criminal record at the time of the sentencing hearing, which included pending charges based on offenses allegedly committed after the robbery in this case. The court's findings showed that it relied on the entirety of the record, and its discretionary ruling was not arbitrary or irrational. As for defendant's postconviction conduct, she did not have any history of disciplinary reports or actions, but her records were fairly minimal and represented enrollment in various programs, classes, and prison jobs, and there was no evidence addressing whether her circumstances had changed since her original sentencing so that her incarceration was no longer in the interests of justice.

## PETITION FOR REHEARING

On December 23, 2021, defendant filed a petition for rehearing with this court, based on the recent enactment of Assembly Bill No. 1540 (2021–2022 Reg. Sess.) (Assembly Bill 1540), effective January 1, 2022. This bill enacted section 1170.03, which states, in relevant part, "If a resentencing request pursuant to subdivision (a) is from the Secretary of the Department of Corrections and Rehabilitation, … [t]here shall be a presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety, as defined in subdivision (c) of Section 1170.18." (§ 1170.03, subd. (b); Stats. 2021, ch. 719, § 3.1.) Defendant argued the new law was applicable to her case since it was not yet final, the record did not support that the trial court, in declining to recall her sentence,

11.

considered any factors relevant to whether she was an unreasonable risk of danger to public safety, and a remand was necessary to conform with the mandate of section 1170.03 as enacted by Assembly Bill 1540.

This court granted rehearing, vacated its opinion, and deemed defendant's petition as her opening brief on rehearing.

In responsive briefing, the People agreed the matter should be remanded for reconsideration because of the enactment of section 1170.03.

## DISCUSSION

### A.    *Former Section 1170, Subdivision (d)*

As explained in our earlier opinion, the former version of section 1170, subdivision (d) stated "an exception to the common law rule that the court loses resentencing jurisdiction once execution of sentence has begun.' [Citations.] Section 1170, subdivision (d), enacted in 1976 as part of the Determinate Sentencing Act [citation] provides 'the court may, within 120 days of the date of commitment on its own motion, or *at any time upon the recommendation of the secretary* or the Board of Parole Hearings in the case of state prison inmates …, recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence.' " (*People v. McCallum* (2020) 55 Cal.App.5th 202, 210 (*McCallum*), italics added.)

"[T]he 2018 amendments to section 1170, subdivision (d)(1) … added a list of postconviction factors the trial court 'may' consider …," which included, but were not limited to, "the inmate's disciplinary record and record of rehabilitation while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the inmate's risk for future violence, and evidence that reflects that circumstances have changed since the inmate's original sentencing so that the inmate's continued incarceration is no longer in the interest of justice." (*McCallum*,

12.

*supra*, 55 Cal.App.5th at p. 214; former § 1170, subd. (d)(1); Assem. Bill No. 1812 (2017–2018 Reg. Sess.); Stats. 2018, ch. 36, § 17, eff. June 27, 2018.) "[W]e read the inclusion of postconviction factors in section 1170, subdivision (d)(1), as providing guidance for the trial court's resentencing decision, not its initial decision whether to recall the sentence." (*McCallum,* at p. 214.)

"We review the trial court's decision whether to recall a defendant's sentence for an abuse of discretion." (*McCallum, supra*, 55 Cal.App.5th at p. 211.) The 2018 amendment did not "alter the fact the trial court has discretion whether to recall and resentence the defendant." (*Id*. at p. 214.) Under the former version of section 1170, subdivision (d), the Secretary's recommendation vested the court with jurisdiction to recall the defendant's sentence, but the recommendation was considered as "but an invitation to the court to exercise its equitable jurisdiction." (*People v. Frazier* (2020) 55 Cal.App.5th 858, 866.)

**B.     *Assembly Bill No. 1540 and Section 1170.03***

As of January 1, 2022, the recall and resentencing provisions previously contained in section 1170, subdivision (d)(1) were significantly revised and moved to newly enacted section 1170.03. (See Stats. 2021, ch. 719, §§ 1–7.)

Section 1170.03, subdivision (a)(1) again states that the court may, "at any time upon the recommendation of the [S]ecretary," recall the sentence and commitment previously ordered and resentence the defendant "in the same manner as if they had not previously been sentenced, whether or not the defendant is still in custody, and provided the new sentence, if any, is no greater than the initial sentence."

The trial court may not deny a resentencing recommendation from the Secretary without providing a defendant with notice of the recommendation, appointing counsel for a defendant, and conducting a hearing within 30 days of the recommendation where the parties are given the opportunity to address the basis of the court's intended denial or

rejection.  (§ 1170.03, subds. (b)(1), (a)(8).)  The court must state on the record its reasons for granting or denying recall and resentencing.  (*Id.* at subd. (a)(6).)

When recall and resentencing is initiated, whether on the court's own motion or upon the recommendation of the Secretary or other statutorily specified parties, the court "shall apply the sentencing rules of the Judicial Council and apply any changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing."  (§ 1170.03, subd. (a)(2).)

"In recalling and resentencing pursuant to this provision, the court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice. The court shall consider if the defendant has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence, if the defendant was a victim of intimate partner violence or human trafficking prior to or at the time of the commission of the offense, or if the defendant is a youth or was a youth as defined under subdivision (b) of Section 1016.7 at the time of the commission of the offense, and whether those circumstances were a contributing factor in the commission of the offense."  (§ 1170.03, subd. (a)(4).)

If the resentencing request is from the Secretary, "[t]here shall be a presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety, as defined in subdivision (c) of Section 1170.18."  (§ 1170.03, subd. (b)(2).)

**C.**  *Analysis*

As explained above, the Secretary recommended recall of defendant's sentence because of the amendments to section 667, subdivision (a) and section 1385,

subdivision (b), and the trial court denied relief and declined to resentence on the prior serious felony conviction enhancement.

The People acknowledge that section 1170.03 has altered the trial court's authority and duties when considering a recommendation from the Secretary to recall and resentence, and the provisions are applicable to defendant's case since it is not yet final. The People agree that, for reasons of judicial efficiency, remanding the matter to the trial court to permit reconsideration pursuant to section 1170.03 would be appropriate.

We agree that remand is required under these circumstances. We therefore reverse the court's order and remand the matter to permit reconsideration of recall and resentencing under section 1170.03 for further appropriate proceedings.

## **DISPOSITION**

The court's order of June 26, 2019, denying recall and resentencing is reversed. The matter is remanded to the trial court for further appropriate proceedings pursuant to the provisions of section 1170.03.

POOCHIGIAN, J.

WE CONCUR:

HILL, P. J.

DETJEN, J.

15.